# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY, INC., | ) ) ) |
| Plaintiff, | ) Case No. 10-00361-CV-W-DGK ) |
| v. | ) ) |
| LUKE DRAILY CONSTRUCTION COMPANY, INC. and ZZZ-2, LLC, | ) ) ) |
| Defendants. | ) |

## ORDER

This case comes before the Court via Plaintiff's Complaint for declaratory judgment. Doc. 1. Plaintiff seeks a judicial determination that it is not obligated to defend or indemnify Defendant Luke Draily Construction Company, Inc. ("Draily") in a lawsuit brought by Defendant ZZZ-2, LLC ("ZZZ-2"). Currently pending before the Court is Plaintiff's Motion to strike Count III of Draily's Amended Counterclaim for bad faith failure to settle ("BFFS"). Docs. 22, 21. The Court has reviewed this Motion in conjunction with Plaintiff's Suggestions in Support, Draily's Suggestions in Opposition and Plaintiff's Reply. Docs. 23-25. For the reasons discussed below, Plaintiff's Motion is DENIED.

## Background

On June 30, 2009, ZZZ-2 filed suit against Draily in the Circuit Court of Jackson County, Missouri. Doc. 1-1. This suit alleges breach of contract, breach of duty of good faith and fair dealing, breach of warranty, negligence and unfair trade practices in conjunction with a New Mexico hotel construction project. *Id.* Generally, ZZZ-2 alleges that Draily's work on the roof of the project was inadequate in various respects. Plaintiff asserts that its insurance contract with

Draily does not obligate it to defend against this type of claim, though Plaintiff has assumed defense subject to a reserved right to deny coverage. The underlying state case is ongoing.

On August 3, 2010, Draily filed its Amended Counterclaim alleging four counts, including a BFFS claim. Plaintiff seeks to strike or dismiss this claim claiming that it was filed in violation of Rule 15 and that it is unripe.

## Standard

Federal Rule of Civil Procedure 15 allows parties to amend their pleadings unilaterally within 21 days of service of the pleading at issue, or within 21 days of service of a responsive pleading or motion pursuant to Rule 12(b), (e) or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, a party must obtain leave of court or the opposing party's written consent. Rule 12(f) allows the Court to strike "any redundant, immaterial, impertinent or scandalous matter." Rule 12(b)(6) allows the Court to dismiss claims for failure to state a claim.

## Discussion

Plaintiff answered Draily's counterclaim on July 2, 2010. Under Rule 15, Draily had 21 days—or until July 23—to amend its counterclaim without leave of court or Plaintiff's permission. However, the Court's scheduling order gave the parties until October 15, 2010 to file a motion to amend the pleadings. Doc. 20 at ¶ 2. Draily asserts that its understanding of this provision was that the Court was granting the parties leave until October 15 to amend the pleadings. The plain language of the scheduling order, and the parties' joint proposed scheduling order, makes clear that a motion to amend the pleadings is required. However, Rule 15 directs courts to grant leave to amend "freely…when justice so requires." Accordingly, the Court will not strike Count III as untimely but will approach this Motion as though it were a motion for leave to amend.

While Rule 15 envisions a liberal amendment policy, justice does not require the filing of a futile amendment. *Stricker v. Union Planters Bank, N.A.,* 436 F.3d 875, 878 (8th Cir. 2006). A proposed amendment is futile if it could not withstand a motion to dismiss for failure to state a claim. *Zutz v. Nelson,* 601 F.3d 842, 852 (8th Cir. 2010). The tort of BFFS is based on the insurer's duties to its insured. The Missouri Supreme Court described it as "when the [insurance] company refuses to settle a claim within the policy limits and the insured is subjected to a judgment in excess of the policy limits as a result of the company's bad faith in disregarding the interests of its insured…" *Overcast v. Billings Mutual Ins. Co.,* 11 S.W.3d 62, 68 (Mo. 2000). *See also Shobe v. Kelly,* 279 S.W.3d 203, 210 (Mo. Ct. App. 2009) (quoting *Overcast*). Plaintiff asserts that Count III of Draily's counterclaim is futile because the state action is ongoing and Draily has therefore not been subjected to any judgment, much less a judgment in excess of the policy limit. There seems to be some lack of clarity in the Missouri courts about the exact requirements for a prima facie BFFS claim. For example, *Shobe* cited a prior Missouri case which describes the four elements that "appear" to constitute a BFFS claim; a judgment in excess of the policy limits is notably absent:

> "(1) the liability insurer has assumed control over negotiation, settlement, and legal proceedings brought against the insured;[1] (2) the insured has demanded that the insurer settle the claim brought against the insured; (3) the insurer refuses to settle the claim within the liability limits of the policy; and (4) in so refusing, the insurer acts in bad faith, rather than negligently."

*Shobe,* 279 S.W.3d at 210 (quoting *Dyer v. General American Life Ins. Co.,* 541 S.W.2d 702, 704 (Mo. Ct. App. 1976)). While the Missouri Supreme Court described it as the usual nature of a BFFS claim, the Court is unaware of any case that describes a judgment as an essential element. In fact, *Shobe* seems to reject this notion. "We do not agree with [the defendant] that

---

[1] This element is not required when the insurer denies coverage, because it would lead to a situation in which insurers are "reward[ed] [for] refus[ing] to provide a defense by [being] insulat[ed] [] from a BFFS claim." *Shobe,* 279 S.W.3d at 210.

3

damages for BFFS are limited to the amount due on the unsettled third-party claim. No case cited by Allstate states such a rule…In tort, the insurer is liable for the damages proximately caused by its bad faith." *Id.* at 212. While the policy behind BFFS is generally to protect insured parties facing judgments that should have been settled, the case law contradicts Plaintiff's argument that a judgment is an essential element. Draily will have to show damages of some sort, but Plaintiff has failed to show that the lack of a judgment against Draily in excess of the policy limit is fatal to its BFFS counterclaim. Accordingly, Plaintiff's Motion is DENIED.

**IT IS SO ORDERED**

Date:   November 23, 2010                         /s/ Greg Kays
                                                                                 GREG KAYS,
                                                                                 UNITED STATES DISTRICT JUDGE